UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT SPAHR, <br><br> Plaintiff, <br> v. <br> WARDEN N.N.C.C., et al., <br><br> Defendants. | Case No. 3:23-cv-00045-ART-CLB <br><br> SCREENING ORDER |

Plaintiff, who is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 4.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's complaint under 28 U.S.C. § 1915A.

**I.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

///

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple Defendants for events that took place during his incarceration at Northern Nevada Correctional Center. (ECF No. 1-1 at 1.) Plaintiff sues Defendants Warden N.N.C.C., Kitchen Free Staff NNCC, Kenny, Josh, Jacob, Fernandies Frazier, and Ashcraft. (*Id.* at 1-3.) Plaintiff brings one count and seeks monetary relief. (*Id.* at 2-4.)

The complaint alleges the following: Medical staff at NNCC ordered that Plaintiff receive a gluten free, high fiber, and lactose free diet. (*Id.* at 2.) For months Plaintiff has had an ongoing issue receiving either improper food, or missing food items all together. (*Id.*) This happens on a daily or weekly basis.

1  (*Id.*) Kenny, Josh, Jacob, and Tom, who work at the NNCC kitchen, send out food
2  trays without checking to make sure that they comply with medically ordered
3  diets. (*Id.* at 3.)

4  The complaint does not include any specific allegations about how often
5  Plaintiff was provided food that he could not eat, or food was left off his tray. But
6  Plaintiff attached multiple grievances[1] to the complaint as exhibits, and those
7  grievances indicate that there was a problem with his food on the following dates:
8  November 10, 2022; November 15, 2022; November 19, 2022; November 29,
9  2022; December 3, 2022; December 7, 2022; December 10, 2022; December 18,
10 2022; January 22, 2023; and January 23, 2023. (*Id.* at 5-24.) The issues with
11 Plaintiff's food included, among other issues, not receiving a replacement for a
12 biscuit, not receiving fruit, and receiving items with lactose, such as dairy drink
13 mix or tuna salad with cheese on it. (*Id.*) Some of the responses to Plaintiff's
14 grievances indicate that an appropriate substitute was sent to Plaintiff, other
15 responses appear to deny the grievances without addressing Plaintiff's
16 complaints. (*Id.*)

17 Plaintiff also attached an incident report noting that on August 26, 2022,
18 Plaintiff captured his food slot because he was frustrated about not receiving the
19 correct food. (*Id.* at 25.) An officer inquired about the issue, and culinary sent
20 up a new food tray. (*Id.*) However, the new food tray included cottage cheese,
21 which Plaintiff could not eat. (*Id.*) The officer contacted culinary again, and this
22 time culinary sent up apple sauce instead. (*Id.*)

23 ///

24

---

[1] The Court notes that Plaintiff must include all his factual allegations in the body of his complaint. Attached grievances are not part of the complaint. In the interest of judicial efficiency, the Court will consider the exhibits for the purposes of this screening order. But in any amended complaint, Plaintiff must include all his factual allegations in the body of the complaint, without reference to the exhibits.

Plaintiff claims that his rights under the Eighth and Fourteenth Amendments were violated. (ECF No. 3.) Plaintiff also checked the box marked basic necessities as the issue involved. None of the allegations in the complaint appear to give rise to a Fourteenth Amendment claim, and the Court dismisses any Fourteenth Amendment claim without prejudice. The Court liberally construes the complaint as bringing a conditions of confinement claim under the Eighth Amendment.

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Depriving an inmate of a meal is not necessarily a serious enough deprivation to give rise to a constitutional claim. *See Wilson v. Pima Cty. Jail*, 256 F. App'x 949, 950 (9th Cir. 2007) (inmate did not suffer a serious deprivation when officer took away his lunch). However, "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009) (holding that depriving an inmate of 16 meals over the course of 23 days could give rise to an Eighth Amendment claim).

The Court finds that Plaintiff fails to state a colorable Eighth Amendment claim. Plaintiff alleges that on multiple occasions part of his food tray included items that he could not eat. But it is not clear from the complaint how often this happened or how limited Plaintiff's meals were as a result. Furthermore, it appears from the grievances that on some, though not all, occasions, Plaintiff was provided appropriate substitutes after he filed a grievance.

The allegations in the complaint are insufficient to support that the food provided to Plaintiff was inadequate to maintain his health. The Court dismisses this claim without prejudice, and with leave to amend. In any amended complaint, Plaintiff should allege specific facts showing how often his meals were

5

missing items or included items that he could not eat, how this limited his meals, and how the lack of food affected him.

The Court notes that the complaint names the warden and an assistant warden as Defendants, but the complaint does not include any allegations about them. As such, the Court notes that A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). If Plaintiff wishes to bring any supervisory liability claims in any amended complaint, he must allege that the supervisors either directed the alleged violations or know about the violations and failed to act to prevent them.

## III.   LEAVE TO AMEND

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended

complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint, this case will be dismissed without prejudice.

### IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 1-2.) A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* Because the Court dismisses the complaint without prejudice, and with leave to amend, the Court defers any decision on the motion for appointment of counsel until after Plaintiff files an amended complaint.

### V. CONCLUSION

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 4) is deferred.

It is further ordered that the Clerk of the Court will file Plaintiff's complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

It is further ordered that the complaint is dismissed in its entirety without prejudice and with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of the complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this case will be dismissed.

DATED THIS 10th day of July 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE